IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**MARLAN E. ENGLE,**
   **Petitioner,**

**vs.**              **5:08cv271/RH/MD**

**WARDEN EICHENLAUB,**
   **Respondent.**

## REPORT AND RECOMMENDATION

   This case is before the court upon respondent's motion to dismiss or in the alternative motion for summary judgment (doc. 11) filed with respect to the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1). Petitioner has responded in opposition to the motion. (Doc. 13).

## BACKGROUND

   Petitioner was convicted after a jury trial in the United States District Court for the Middle District of Alabama of conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count I), and money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(I) (Count II). (Doc. 11, exh. 1, M.D. Al. Case 3:96cr51). Petitioner appealed, specifically challenging whether "[t]he trial court erred in failing to dismiss the money laundering count of the indictment (Count II) as duplicitous and defective, because the count alleged multiple financial transactions rather than the requisite single financial transaction contemplated by the applicable statute." (M.D. Al. Case 3:96cr51, doc. 914 at 2). His

convictions and sentences were affirmed without opinion.  *United States v. Pruitt*, 174 F.3d 1215 (11th Cir. 1999).

Petitioner moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on October 30, 2000.  (M.D. Al. Case 3:96cr51, doc. 766).  He raised ten claims, the last of which had eleven subparts, which are enumerated in the government's motion.  (Doc. 11 at 3-4).  The government took the position that his claims provided no basis for relief (M.D. Al. Case 3:96cr51, doc. 797).  On June 15, 2004, the magistrate judge recommended that petitioner's money laundering conviction be vacated based on a lack of jurisdiction due to the indictment's failure to charge a crime in Count II, and that the motion be denied with respect to petitioner's challenges to his conviction and sentence on Count I.  (M.D. Al. Case 3:96cr51, doc. 914, at 14, 40).  The recommendation also found that it was "unnecessary to address the merits of petitioner's remaining claims related" to Count II.  (*Id.* at 14).  The government objected, contending that the Eleventh Circuit's disposition of the Count II claim on appeal precluded collateral review, and that the legal analysis with respect to Count II was incorrect.  (M.D. Al. Case 3:96cr51, doc. 919 at 3-7).  The district court rejected the magistrate judge's recommendation as to Count II, finding that the identical claims had been "squarely, but unsuccessfully, raised on direct appeal." (M.D. Al. Case 3:96cr51, doc. 929 at 4-5).  It also found that the other claims for relief with respect to Count II, including an ineffective assistance of counsel claim, were without merit.  (*Id.* at 9-10).  Ultimately, the § 2255 motion was denied in its entirety.  (M.D. Al. Case 3:96cr51, doc. 930). Petitioner applied for a certificate of appealability, which was granted,  with the district court finding that the appeal was not frivolous in light of the magistrate judge's recommendation.  (M.D. Al. Case 3:96cr51, doc. 936).  The Eleventh Circuit affirmed.  *Engle v. United States*, 147 Fed.Appx. 142, 2005 WL 2108669 (11th Cir. 2005) and denied petitioner's request for rehearing en banc.  *Engle v. United States,* 165 Fed.Appx. 854 (11th Cir. 2005).

Petitioner filed the instant petition on August 29, 2008, pursuant to 28 U.S.C. § 2241, claiming that he is actually innocent of money laundering charges following the Supreme Court's decision in *United States v. Santos*, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008).

**LEGAL ANALYSIS**

A petition pursuant to title 28 U.S.C. § 2241 generally is used to attack the continuation or execution of an initially valid confinement, whereas a collateral attack on the validity of the federal conviction and sentence is more properly brought under 28 U.S.C. § 2255 in the district of conviction.  See *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990); see also *Chambers v. United States*, 106 F.3d 472, 474-75 (2nd Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition).  However,  title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.  To the extent a petitioner claims that he cannot pursue his claim via 28 U.S.C. § 2255, more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion.  Restrictions on successive section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause.  *Wofford*, 177 F.3d at 1244-1245; see also *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the AEDPA limitations

if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241). The Eleventh Circuit has explained the application of the savings clause as follows:

> [T]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d at 1244; *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Failure to meet a single prong of the three part test means a petitioner's claim fails. See *Wofford,* 177 F.3d at 1244; *Flint v. Jordan*, 514 F.3d 1165, 1168 (11th Cir. 2008).

Although the crux of the petitioner's claim is the applicability of the new Supreme Court decision in *United States v. Santos*, ___ U.S. ___, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008), the government utterly and inexplicably fails to include any discussion or analysis of that case or its retroactive applicability in its motion. Its claim that "the Eleventh Circuit has already had the opportunity to consider Petitioner's claims but declined to do so" is perplexing in light of the fact that the Supreme Court decision upon which petitioner relies was not decided until after all appellate review was completed.

Petitioner argues that *Santos* should be retroactively applicable, citing *United States v. Peter*, 310 F.3d 709, 711 (11th Cir. 2002). The Eleventh Circuit has not yet specifically considered the retroactive applicability of *Santos.* However, in at least one district court case the government has conceded that *Santos* may be retroactively applied on collateral review. *Santana v. United States,* 2009 WL 1228556 *1, n.2 (W.D. Wash. 2009) (citing *Schriro v. Summerlin*, 542 U.S. 348, 351, 124 S.Ct.

2519, 159 L.Ed.2d 442 (2004); *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). At least one other district court has concluded the same. See *Kennemore v. United States*, 2008 WL 4965948 (E.D. Tex. 2008) (citing but noting that it was not bound by another district court's retroactive application of *Santos* in a case involving an illegal gambling business (*Morales v. Jett*, No. 1:08cv786 (S.D. In. June 11, 2008)). The majority of cases have reached the opposite conclusion. *See United States v. Sims*, 2009 WL 1158847 (S.D. Tex. 2009) (neither Supreme Court nor Fifth Circuit has held *Santos* to be retroactive); *Stewart v. Keffer*, 2009 WL 1076762 (W.D.La. 2009) (same); *Gotti v. United States*, 2009 WL 1010498 (S.D. N.Y. 2009) ("there is no indication within the [*Santos*] opinion that it is to have retroactive effect") (citing *United States v. Iacaboni*, No. 01-CR-30025-MAP, 2009 WL 70055, at *2 (D.Mass. Jan. 8, 2009) (stating that neither the Supreme Court nor the First Circuit has held that Santos applies retroactively); *United States v. Pryce*, No. CV 08-4456 PA, 2008 WL 2945449, at *3 (C.D.Cal. Nov. 6, 2008) ("[T]he United States Supreme Court has not held that Santos applies retroactively on collateral review."); *Vaughan v. United States*, 08CV330-T-02, 2008 WL 2945449, at *3 (W.D.N.C. July 25, 2008) ("[T]he Supreme Court did not rule that its holding [in Santos ] could be retroactively applied in collateral proceedings or otherwise."); *Haukedahl v. United States*, 2009 WL 961157 *2 (N.D. Oh. 2009)("*Santos* has no retroactive application"); *United States v. Iacaboni*, 592 F.Supp.2d 216 (D. Mass. 2006) ("neither the First Circuit nor the Supreme Court has held that the *Santos* decision has retroactive effect.").

Even assuming the retroactive applicability of *Santos* for the purpose of the instant petition, the petitioner's claim must fail due to the limited holding of that case. In *Santos*, the Supreme Court considered the meaning of the term "proceeds" in the money laundering statute, 18 U.S.C. § 1956(a)(1), to determine whether the primary meaning of the term was "receipts" or "profits." Justice Scalia, joined by three other justices (Souter, Thomas, and Ginsburg), concluded that under the rule

of lenity, which "requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them," that the "profits" definition of proceeds should be adopted. *Santos,* 120 S.Ct. at 2025. In order to obtain a majority, however, the Court's opinion on the meaning of "proceeds" was limited to the narrower view expressed by Justice Stevens in his concurrence. Justice Stevens opined that "proceeds" signifies "profits" in the context of some illegal activity, such as illegal gambling, but not in all; only where there is no legislative history to the contrary. *Id.* at 2031. In light of this, the *Santos* decision, which involved the alleged money laundering of the proceeds of an illegal gambling operation, stands only for the proposition that the "proceeds" of an illegal gambling operation must, for purposes of the money laundering statute, be profits, not merely receipts. See *Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgment on the narrowest ground'"); see also *United States v. Brown*, 553 F.3d 768, 783 (5th Cir.2008) ("The precedential value of *Santos* is unclear outside of the narrow factual setting of that case, and the decision raises as many issues as it resolves for the lower courts."); *United States v. Howard*, 309 Fed.Appx. 760, 771, 2009 WL 205649 *10 (4th Cir. 2009) ("Because *Santos* does not establish a binding precedent that the term 'proceeds' means 'profits,' except regarding an illegal gambling charge, we are bound by this Court's precedent establishing that 'proceeds' means 'receipts.' "), pet. for cert. filed, (U.S. Apr. 13, 2009) (No. 08-9414) and pet. for cert. filed (U.S.Apr. 22, 2009) (No. 08-9977); *Kenemore v. United States*, ___ F.Supp.2d ___, 2008 WL 4965948 *6 (E.D.Tex.2008) ("The inescapable conclusion-considering the respective opinions of Justices Scalia and Stevens regarding stare decisis-is that 'proceeds' refers to 'profits' not 'receipts' in money laundering prosecutions involving stand-alone illegal gambling operations."); *Bhatia v. United States*, 2009 WL 690810 * 16 (N.D.Ca.2009) ("This

Court will not extend the narrow holding of *Santos* to invalidate the money laundering convictions here, which were based on the proceeds of mail fraud, not a gambling operation."); *Wilson v. Roy,* 2009 WL 1203401 (E.D. Tex. 2009) ("Whether the Supreme Court eventually broadens the application of *Santos* has no bearing on [case involving conspiracy to distribute cocaine rather than illegal gambling]"); *United States v. Sims*, 2009 WL 1158847 (S.D. Tex. 2009) (the limited holding in *Santos* does not apply in a case predicated in mail and wire fraud). Under the facts of his case, petitioner has not met his burden of showing that he was convicted of a non-existent offense, and therefore he may not avail himself of the savings clause.

Accordingly it is respectfully RECOMMENDED:

That the government's motion to dismiss or in the alternative motion for summary judgment (doc. 11) be GRANTED, and the petition be dismissed with prejudice.

At Pensacola, Florida this 5th day of June, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).