# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

MARLAN E. ENGLE,

        Petitioner,

v.                                        CASE NO.  5:08cv271-RH/MD

WARDEN EICHENLAUB,

        Respondent.

_____/

## ORDER OF DISMISSAL

The petitioner Marlan E. Engle was convicted of a drug conspiracy and money laundering in the Middle District of Alabama.  The Eleventh Circuit affirmed the conviction on direct appeal.  The Middle District of Alabama rejected a motion for relief under 28 U.S.C. § 2255, and again the Eleventh Circuit affirmed.  Mr. Engle now seeks relief in this court under 28 U.S.C. § 2241.  Venue is proper because Mr. Engle is (or was when he filed the petition) incarcerated in this district.

Mr. Engle now challenges only the money-laundering conviction, and he bases his petition on *United States v. Santos*, __ U.S. __, 128 S. Ct. 2020, 170 L. Ed. 2d 912 (2008).  The magistrate judge has entered a report and recommendation

concluding that the petition should be denied. Mr. Engle has filed objections. I review *de novo* the issues raised by the objections.

As the report and recommendation correctly notes, Mr. Engle's ability to obtain relief under § 2241 rises or falls with the proposition that *Santos* is retroactively applicable to cases on collateral review and establishes that he was wrongly convicted of money laundering.

*Santos* addressed the meaning of "proceeds" under the money-laundering statute. The case involved an illegal lottery—that is, an illegal gambling operation. The Court held that the "proceeds" of an illegal lottery are its profits, not its gross receipts.

Mr. Engle says the same is true of a drug operation. He says that his money-laundering conviction—like that of the respondent in *Santos*—was based on the theory that "proceeds" were gross receipts. Mr. Engle thus says that his conviction, like that of the respondent in *Santos*—should be set aside.

The answer is that the *Santos* holding does not apply to money-laundering convictions based on the proceeds of a drug offense. To be sure, the four-member plurality said "proceeds" in the money-laundering statute should always mean "profits," but Justice Stevens and the four dissenters disagreed. Justice Stevens and the dissenters cited the legislative history and concluded that the "proceeds" of a drug operation are its gross receipts. The views of five of course control over the

views of four.  And when there is a split decision, the controlling view is the narrowest that supports the result.  *See, e.g., Marks v. United States*, 430 U.S. 188, 193, 97 S. Ct. 990, 51 L. Ed. 2d 260 (1977).  The narrowest view that supports the *Santos* result is that the "proceeds" of an illegal lottery—that is, an illegal gambling operation—are its profits.  This helps Mr. Engle not at all; his conviction had nothing to do with an illegal gambling operation.

For these reasons,

IT IS ORDERED:

1.  The report and recommendation (document 15) is ACCEPTED.

2.  The respondent's motion to dismiss or for summary judgment (document 11) is GRANTED.

3.  The clerk must enter judgment stating, "The petition is denied with prejudice."

4.  The clerk must close the file.

SO ORDERED on August 24, 2009.

s/Robert L. Hinkle
United States District Judge